IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNEL AGDIPA, DALE BERGENDAHL, WILLIAM CHO, RALPH CORREA, MARGUERITE DIAS-BRECK, SARAH FARREN, STEVE GRIVES, JOHN KAHN, EMILY KELLY, TUYEN KIM, BRIAN RAHLF, MATTHEW SCOTT acting for themselves and others similarly situated,
    Plaintiffs,
  v.
GRANT JOINT UNION HIGH SCHOOL DISTRICT,
    Defendant.    /

No. Civ. S-06-1365 DFL DAD

<u>Memorandum of Opinion</u>
<u>and Order</u>

    Plaintiffs, current or former employees of Grant Joint Union High School District (the District), allege that the District violated the Fair Labor Standards Act (FLSA) by miscalculating plaintiffs' overtime pay.  Plaintiffs seek facilitated notice, under 29 U.S.C. § 216(b), to notify potential plaintiffs of their right to participate in an FLSA collective action.  Defendant argues that the potential

plaintiffs are not similarly situated to the current plaintiffs and that the proposed notice is insufficient.  The court GRANTS the motion but orders plaintiffs to alter the proposed notice as specified below.

I.

Plaintiffs are current or former employees of Grant Joint Union High School District.  The Memorandum of Understanding (MOU) between the District and California School Employees Association (CSEA) #523 establishes the policies governing plaintiffs' compensation.  Employees are assigned both a pay "range" and a pay "step," resulting in a particular per-hour rate as specified in the MOU.  Overtime pay is "compensated at a rate of pay equal to time and one-half the regular rate pay of the employee."  MOU at §9.8.2.  Plaintiffs argue that additional pay provided in the MOU for oral translation, educational incentives, longevity, working out of classification, shift differentials, standby time, and health care cash-out should be included in the rate of pay when calculating overtime pay. According to plaintiffs, all employees covered by the MOU's terms were potentially undercompensated for their overtime work due to the District's failure to include such compensation in its calculation.  Plaintiffs filed this motion to obtain facilitated notice (<u>Hoffman-La Roche</u> Notice) under 29 U.S.C. § 216(b).  Defendant filed a timely opposition.

II.

A.   Facilitated Notice

"An action to recover [under the FLSA] may be maintained against any employer . . . by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  In Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court held that district courts should facilitate notice of such collective actions to similarly situated potential plaintiffs.[1] Although the Ninth Circuit has not defined "similarly situated," the majority approach to determining whether a potential plaintiff falls within the collective action is a two-tiered process.  See Wynn v. National Broadcasting Co., Inc., 234 F. Supp. 2d 1067, 1082 (C.D. Cal 2002).  Under this approach, "[t]he court first makes an initial 'notice stage' determination of whether plaintiffs are similarly situated . . . requir[ing]

---

[1] Although the claims in Hoffman-La Roche involved the Age Discrimination in Employment Act (ADEA), the ADEA incorporated the same enforcement scheme as the FLSA and the same rules govern judicial management of collective actions under both statutes.  See Gerlach v. Wells Fargo & Co., No. C 05-0585, 2006 WL 824652, at *1 n.2 (N.D. Cal. Mar. 28, 2006).

little more than substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" Gerlach, 2006 WL 824652, at *2.  "The standard for certification at this stage is a lenient one that typically results in certification."  Id. (citing Wynn, 234 F. Supp. 2d at 1082). The second consideration of whether plaintiffs are similarly situated is made following discovery, typically on a motion for decertification, under a stricter standard.  See Gerlach, 2006 WL 824652, at *2.

In determining whether potential plaintiffs are similarly situated, courts have considered whether allegations of class-based discrimination are present.  See Church v. Consolidated Freightways, Inc., 137 F.R.D. 294, 301 (N.D. Cal. 1991).  Here, plaintiffs' claims rest on an alleged common pattern or practice.  Cf. Wynn, 234 F. Supp. 2d at 1084-85 (refusing to find potential plaintiffs similarly situated due to overwhelming presence of individualized issues).  All potential plaintiffs were employed by the District, covered by the MOU's additional compensation provisions, and paid for overtime according to the MOU's scale.  If the District misapplied the MOU's compensation provisions, its conduct potentially violated the rights of all employees paid under the system.  The District argues that plaintiffs provide insufficient support for their allegations

and that different payroll procedures may have existed for potential plaintiffs. These arguments are unpersuasive. The applicable MOUs, attached as exhibits to plaintiffs' papers, sufficiently establish a common pay system.[2] Requiring plaintiffs to go beyond the MOU to describe the specific payroll systems for all employee categories would be to demand an inappropriate level of particularity for this stage of the litigation. For now, plaintiffs' general allegations based upon the common MOU are sufficient to demonstrate that potential plaintiffs are similarly situated. The court GRANTS the motion for facilitated notice.

B.  Sufficiency of Notice

Defendant submits a revised version of plaintiffs' proposed notice form and argues for seven changes.

First, defendant argues that plaintiffs' description of the action is improperly biased. See Pls. Proposed Notice ¶ 2. Defendant recommends adding a paragraph to the notice explaining the District's position. See Def. Proposed Notice ¶ 4. The court orders plaintiffs to include defendant's summary paragraph in the notice, immediately following plaintiffs' proposed

---

[2] The Cho Declaration, contrary to the District's argument, does not aim to establish that all employees were similarly situated but rather states that one employee group (police) was still bound by common pay procedures to the remaining plaintiffs despite the group's tentative adoption of a separate MOU in the summer of 2006.

5

summary paragraph. See Gerlach, 2006 WL 824652, at * 4 (citing Hoffman-La Roche, 493 U.S. at 174)(discussing the importance of judicial neutrality in the notice process).  Plaintiffs are to make no additional changes to the wording of their original paragraph or defendant's proposed paragraph.

Second, defendant argues that plaintiffs should be eligible to recover back pay from November 16, 2004, the start of the MOU's applicability, rather than June 30, 2003, plaintiffs' date on the notice form.  Plaintiffs respond that the June 30 date corresponds to the three-year statute of limitations and that the disputed pay procedures have been included in the past two MOUs, dating back to November 15, 2000.  The court finds plaintiffs' proposed eligibility date to be supported by the relevant MOUs documenting pay procedures, attached by plaintiffs to their motion papers.

Third, defendant argues that the notice form mentions potential monetary recovery for plaintiffs but does not discuss potential costs should the suit fail.  Plaintiffs respond that the FLSA does not allow for fees for prevailing defendants and that any other costs would be borne by plaintiffs' attorneys. Plaintiffs correctly characterize the fee provision of 29 U.S.C. § 216(b).  The court finds plaintiffs' monetary recovery language to be appropriate.

Fourth, defendant argues that the phrase "may join this lawsuit" should be replaced by the phrase "may be eligible to join this lawsuit." Compare Pls. Proposed Notice ¶ 4 with Def. Proposed Notice ¶ 6. Plaintiffs do not oppose this change. The court orders plaintiffs to include defendant's eligibility language.

Fifth, defendant argues that the action's opt-in deadline should vary depending upon the date of the notice's issuance and should allow plaintiffs a sixty-day response period. Plaintiffs respond that a fixed opt-in date will reduce the potential for confusion and that a sixty-day period is too short for many plaintiffs to opt-in, ultimately resulting in the filing of additional suits. The court favors a fixed opt-in date and orders plaintiffs to specify June 30, 2007 as the deadline.

Sixth, defendant argues that plaintiffs should include both plaintiffs and defense counsels' contact information. Plaintiffs do not oppose this change. The court orders plaintiffs to include defense counsel's contact information.

Seventh, defendant argues that plaintiffs' statement that federal law prohibits the District "from taking adverse action against persons who have exercised their rights under the FLSA to participate in this lawsuit" is prejudicial and inflammatory. Pls. Proposed Notice ¶ 9. Defendant also argues that the warning is unnecessary because no threats have been made, but

does not dispute the statement's accuracy.  The court does not find the adverse action language to be objectionable.

## III.

For these reasons, the court:

(1) GRANTS the motion; and

(2) ORDERS plaintiffs to add to their proposed notice form defendant's paragraph describing the action, defendant's proposed language regarding plaintiffs' eligibility for the action, and defense counsel's contact information; and

(3) ORDERS defendant, within twenty-one (21) days of this order's issuance, to provide plaintiffs' counsel with a list of the names and addresses for all persons known to be District classified employees at any point from June 20, 2003 to the present; and

(4) AUTHORIZES plaintiffs to mail the proposed notice form containing the above-ordered modifications to all persons who were Grant Joint Union High School classified employees at any time between June 20, 2003 and the present.

IT IS SO ORDERED.

Dated: April 9, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge