1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   **MASTAGNI, HOLSTEDT, AMICK,**
3  **MILLER, JOHNSEN & UHRHAMMER**
   *A Professional Corporation*
4  1912 "I" Street
   Sacramento, California 95814
5  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614

6  Attorneys for Plaintiffs

7  DAVID W. TYRA, State Bar No. 116218
8  RONALD J. SCHOLAR, State Bar No. 187948
   **KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD**
9  A Professional Corporation
   400 Capitol Mall, 27th Floor
10 Sacramento, California  95814
   Telephone:      (916) 321-4500
11 Facsimile:      (916) 321-4555

12 JACQUES S. WHITFIELD, State Bar No. 147362
   **DISTRICT GENERAL COUNSEL**
13 **GRANT JOINT UNION HIGH SCHOOL DISTRICT**
   1333 Grand Avenue
14 Sacramento, California 95838
   Telephone:      (916) 286-4910
15 Facsimile:      (916) 263-6459

16 Attorneys for Defendant

17                     IN THE UNITED STATES DISTRICT COURT

18                       EASTERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19  ARNEL AGDIPA, DALE BERGENDAHL, WILLIAM CHO, RALPH CORREA, MARGUERITE DIAS-BRECK, SARAH FARREN, STEVEN GRIVES, JOHN KAHN, EMILY KELLY, TUYEN KIM, BRIAN RAHLF, MATTHEW SCOTT, acting for themselves and others similarly situated<br><br>            Plaintiffs,<br>    v.<br><br>GRANT JOINT UNION HIGH SCHOOL DISTRICT,<br><br>            Defendant. | CASE NO. **2:06-cv-01365-DFL-DAD**<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND  ORDER THEREON** |

PDF created with pdfFactory trial version www.pdffactory.com

# STIPULATION

The Plaintiffs and Defendant in the above-captioned action hereby stipulate as follows:

1. Plaintiffs Arnel Agdipa, et al. (collectively "Plaintiffs") are presently or were previously employed by the Grant Joint Union High School District ("Defendant"). In addition to the Plaintiffs individually-named on the caption, Jason Carlisle, Benjamin Matta, Jr., and Joseph Pearson have joined as Plaintiffs and Kendall Young, William Bernard, Christopher Breck, have affirmatively expressed his interest in participating as Plaintiffs. Plaintiffs and the Defendant shall be collectively referred to as "Parties" herein.

2. Plaintiffs filed the above captioned action ("Action") arising out of certain events that allegedly occurred during their employment by the Grant Joint Union High School District.

3. Plaintiffs' Complaint in the Action ("Complaint"), alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA"). The Complaint seeks recovery of allegedly unpaid overtime, liquidated damages, attorneys' fees and costs. The Court has jurisdiction over the subject matter of this action and over the parties.

4. The Defendant filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto.

5. On October 17, 2006 Plaintiffs filed a Hoffman LaRoche motion for notice to similarly situated individuals. On February 28, 2007, the parties attended oral argument on this Hoffman LaRoche motion.

6. On March 27, 2007, Defendant sent Plaintiffs' counsel a letter, claiming that the Defendant District constitutes an arm of the State of California. Defendant further claimed that as a State entity, Defendant is immune from back pay liability for any violations of the FLSA.

PDF created with pdfFactory trial version www.pdffactory.com

7. On April 10, 2007, the Court granted Plaintiffs' request to send notice to potential class members.

8. The Plaintiffs' claims are in all respects controverted, by the district, and the Plaintiffs dispute whether the District is immune from suit under the FLSA pursuant to the Eleventh Amendment. The District's dispute of the issues raised in Plaintiffs' Complaint expressly includes, but is not limited to, its dispute of whether the FLSA requires the inclusion of the cash out in lieu of healthcare coverage in the regular rate of pay, the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations and requests for damages.

9. The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters.

10. The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the Parties' dispute. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") which all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein.

11. Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of the Settlement Agreement are consistent with and within the range of reasonable results that Plaintiffs might expect to obtain after a trial;

12. Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when employees bring a private action for compensation under the FLSA, and

PDF created with pdfFactory trial version www.pdffactory.com

1     present the district court a proposed settlement, the district court may enter a

2     judgment after scrutinizing the settlement for fairness. *Id.* at 1353.

3  13.  The Parties present the Court with this Stipulation re Approval of Settlement

4     Agreement and Dismissal with Prejudice and [Proposed] Order Thereon

5     ("Stipulation and Order") through which they intend to finally resolve all claims

6     asserted in this Action based upon the Settlement Agreement.  Only the named

7     Plaintiffs, the Plaintiffs who opted into the action, and Plaintiffs Kendall Young,

8     Christopher Breck, and William Bernard, who execute a release agreement will be

9     bound by this dismissal with prejudice.  This dismissal will not affect the rights of

10     any other employee who has received notice of this action.

11  14.  By entering into this Stipulation and requesting Court approval, the Parties do not

12     intend that the Court should make any findings or determination regarding the

13     Defendant's alleged violation of the FLSA, or any other federal or state law,

14     regulation, order, or rule.  This Stipulation and Order, and any exhibits and any

15     other documents or written materials prepared in conjunction with this Stipulation

16     and Order, should not constitute evidence of, or any admission of, any violation of

17     the FLSA, or any other federal or state law, regulation, order, or rule by any

18     Party.

19  15.  The Parties jointly request the Court approve of and enter the Stipulation and

20     Order; IT IS THEREFORE STIPULATED, by and between the Parties, through

21     their respective counsel, that:

22  1.     The Settlement Agreement which is incorporated herein by reference, is

23         fair, reasonable and just in all respects as to the named Plaintiffs, the

24         Plaintiffs who have opted in, and the individuals who chose to be bound

25         by this dismissal, and the Court should therefore approve the Settlement

26         Agreement and enter this Stipulation and Order;

27

PDF created with pdfFactory trial version www.pdffactory.com

1  2. The Court should expressly reserve jurisdiction with respect to this Action
2     for the purposes of enforcing the Settlement Agreement;
3  3. The award and allocation of costs and attorneys fees should be as
4     provided for in the Settlement Agreement;
5  4. Upon the Court's approval of the Settlement Agreement, this Action
6     should be dismissed with prejudice.

Dated: June __, 2007        **MASTAGNI, HOLSTEDT, AMICK,**
                            **MILLER, JOHNSEN & UHRHAMMER**

                            By: _____
                            DAVID E. MASTAGNI
                            Attorneys for Plaintiffs

Dated: June __, 2007        **KRONICK, MOSKOVITZ,**
                            **TIEDEMANN & GIRARD**

                            By: _____
                            DAVID W. TYRA
                            Attorney for Defendant

Dated: June __, 2007        **DISTRICT GENERAL COUNSEL**
                            **GRANT JOINT UNION HIGH SCHOOL DISTRICT**

                            By: _____
                            JACQUES S. WHITFIELD
                            Attorney for Defendant

## **ORDER**

The Court has carefully reviewed the Settlement Agreement, and the proposed Stipulation and Order. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the named Plaintiffs, the

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiffs who have opted in, and the individuals who chose to be bound by this
2  dismissal and the Parties shall perform the Settlement Agreement in accordance
3  with its terms;
4  2.  The Court expressly reserves jurisdiction with respect to this Action for the
5     purposes of enforcing the Settlement Agreement;
6  3.  The award of and allocation of costs and attorneys fees shall be as provided for
7     in the Settlement Agreement;
8  4.  The Court has made no findings or determination regarding the Defendant's
9     alleged violation of the FLSA, or any other federal or state law, regulation, order,
10    or rule, and this Stipulation and Order and any exhibits and any of the other
11    documents or written materials prepared in conjunction with this Stipulation and
12    Order shall not constitute evidence of, or any admission of, any violation of the
13    FLSA, or any other federal or state law, regulation, order, or rule;
14 5.  This Action is hereby dismissed with prejudice.

15 Dated: July 25, 2007          /s/ Ralph R. Beistline_____
                                HONORABLE RALPH R. BEISTLINE.
16
17
18
19
20
21
22
23
24
25
26
27

**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON**   -6-   *Agdipa, et al. v. Grant*   2:06-cv-01365-DFL-DAD

PDF created with pdfFactory trial version www.pdffactory.com